UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL D. PORTER,

Plaintiff,

vs.                                                    Case No.  8:04-cv-367-T-17MSS

BOB WHITE and JAMES GARY FAIRBANKS,

Defendants.

_____/

## ORDER

This cause comes on for consideration upon the filing of Defendant Bob White's Motion to Compel Disclosure of Documents Withheld on the Basis of Work Product and Attorney-Client Privilege (Dkt. 29).

I.   **Factual and Procedural Background**

On August 16, 1988, a Pasco County Circuit Court jury convicted Plaintiff of sexual battery.  (Dkt. 1 at ¶ 2).  Plaintiff received a life sentence.  (Dkt. 1 at ¶ 2).  According to Defendant, Charles Fulgieri ("Fulgieri"), an investigator with the Federal Public Defender's office was assigned to investigate Plaintiff's habeas petition in 1994.  (Dkt. 29).  Charles Harris ("Harris") was the assistant Federal Public Defender assigned to the case.  (Dkt. 29). According to Defendant, Fulgieri received copies of two Pasco County Sheriff's Office ("PCSO") reports authored by Deputies William Karcinski and Thoms Hendrickson in 1995 while investigating the case.  (Dkt. 29).  Plaintiff claims that these reports, concerning another suspect who more closely matched the victim's description, were never provided to Plaintiff's defense counsel during his original criminal trial in 1988.  (Dkt. 1 at ¶ 2).

On February 4, 2002, the United States Court of Appeals for the Eleventh Circuit granted Plaintiff habeas relief and reversed Plaintiff's conviction on the grounds that the PCSO reports constituted material exculpatory evidence which was required to be turned over to Plaintiff and his defense counsel. (Dkt. 1 at ¶ 3). Plaintiff received a new trial and, on November 16, 2002, was acquitted. (Dkt. 1 at ¶ 4).

On March 1, 2004, Plaintiff filed the present lawsuit against Bob White ("White") in his official capacity as Sheriff of Pasco County, Florida and James Gary Fairbanks ("Fairbanks"), former Pasco County Sheriff's detective, in his individual capacity and in his official capacity as Pasco County Sheriff's Detective. (Dkt. 1). Plaintiff has brought claims under 42 U.S.C. § 1983 for suppression of material exculpatory evidence against Fairbanks, and for a policy, practice, procedure or custom of permitting PCSO employees to suppress material exculpatory evidence and failure to adequately train Fairbanks against White as Pasco County Sheriff. (Dkt. 1).

On February 28, 2005, counsel for White took the deposition of Fulgieri. (Dkt. 29). Fulgieri testified that he maintained a separate file from Harris. (Dkt. 29). This file has been partially produced. (Dkt. 29). However, portions of the file have been withheld on the basis of the attorney-client privilege and work product immunity. At Fulgieri's deposition, Kevin Darken, attorney for Plaintiff, stated on the record that:

> we produced what I will call the full Jerry file with the exception of certain records which we considered to be work product, which were conversations or written instructions between Mr. Fulgieri and assistant federal public defender Charles Harris or later possibly assistant federal public defender James Guthan. So we have the original Fulgieri file in its entirety at the Cohen, Jayson & Foster law firm. We have produced already the materials that we consider non-privileged from that file, and so that's where we are at.

Plaintiff subsequently provided Defendants with a privilege log detailing fifty-seven entries of privileged documents. Further, on March 23, 2005, Plaintiff produced some of the documents listed on the privilege log, in redacted form, to Defendants. (Dkt. 31). These documents concern Fulgieri's discovery of the two allegedly wrongfully withheld PCSO reports.

## II.   **Defendant's Motion to Compel**

Defendant, White, argues that based on the dates contained in the privilege log, the withheld documents were generated in connection with the underlying habeas proceeding and subsequent re-trial and not in relation to the present lawsuit. Accordingly, Defendant argues that these documents were not prepared in anticipation of the *instant* litigation and cannot be withheld on the basis of the work product doctrine. Defendant argues that even if these documents are properly characterized as work product, Defendant has shown a substantial need for their production. Further, Defendant argues that Plaintiff has waived his ability to assert any attorney-client privilege with respect to the fourteen documents withheld on that basis because he injected into this litigation issues that require the production of the materials contained in the Fulgieri file. Defendant states that "to the extent that any of the withheld documents in the Fulgieri file indicate, either directly or indirectly, when Mr. Porter's defense counsel had the reports, or when the State had the reports, then by virtue of filing this lawsuit, Mr. Porter placed the Federal Public Defender's actions at issue and therefore waived the attorney-client privilege as it pertains to these documents."

Plaintiff responds that Defendant is improperly attempting to re-try the underlying criminal case. Plaintiff further argues that the work product doctrine continues to apply to

3

subsequent litigation, Defendant has failed to show substantial need and undue hardship and Plaintiff has not waived his attorney-client privilege.

## A.    Application of the Work Product Doctrine

Defendant argues that the documents withheld on the basis of the work product doctrine should be produced because the documents were prepared for Plaintiff's underlying habeas corpus proceedings and not in anticipation of the *instant* litigation.

The Supreme Court originally found that an attorney's legal theories and strategy are shielded from opposing counsel. Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Such "work product doctrine" is now found in Federal Rule of Civil Procedure 26(b)(3), which provides that:

> . . . a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means . . . "

See also Castle v. Sangamo Weston, Inc., et al., 744 F.2d 1464, 1466 (11th Cir. 1984)(finding that both substantial need and undue hardship must be shown before a Court will order that work product be produced). The party asserting work product immunity bears the burden of establishing that the doctrine applies. Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990). Once that burden has been met, the party seeking discovery must show a substantial need and undue hardship. Even when such a showing is made, however, the Rule instructs the Court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b). This

4

type of material is afforded absolute immunity from discovery. FDIC v. Cherry, Bekaert & Holland, et al., 131 F.R.D. 596, 600 (M.D. Fla. 1990). The work product doctrine protects materials prepared by an agent for an attorney as well as material prepared by an attorney. U.S. v. Nobles, 422 U.S. 225, 238-39, 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975).

Here, Defendant admits that the "fifty-seven documents contained in the Fulgieri Privilege Log were clearly prepared in an effort to overturn Plaintiff's original criminal conviction and release him from prison." (Dkt. 29 at p. 11). That is, they were prepared "by or for a party to the subsequent litigation." See FTC v. Grolier Inc., 462 U.S. 19, 103 S.Ct. 2209, 2213, 76 L.Ed.2d 387 (1983). Accordingly, Defendant admits that the documents were prepared in anticipation of litigation. The Court has reviewed the documents in question and agrees that the documents were prepared on Plaintiff's behalf in anticipation of litigation. Defendant only argues that the documents were not prepared in anticipation of *this* litigation.

Rule 26(b)(3) does not address the "temporal scope of the work product immunity." Id. However, case law makes it clear that work product immunity does not only apply in the specific case for which the documents were prepared. The Supreme Court stated, in dicta in Grolier Inc., that the "literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." Id. (citing 8 J. Wright & A. Miller, Federal Practice and Procedure § 2024, at 201 (1970) and finding that attorney work product is exempt from mandatory disclosure under Exemption 5 of the Freedom of Information Act "without regard to the status of the litigation for which it was prepared"); see also Chem-Nuclear Systems, Inc. v. Arivec Chemicals,

Inc., 978 F. Supp. 1105, 1107 (N.D. Ga. 1997)(stating that the documents need not be prepared in anticipation of the present litigation).

Some courts have found that work product immunity always survives past the end of litigation regardless of its relation to the new litigation. See Duplan Corporation v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480, 484 (4th Cir. 1973)(stating that the qualified immunity attached to an attorney's work product does not end with the conclusion of litigation without a showing of substantial need and undue hardship); In re Murphy, 560 F.2d 326, 335 (8th Cir. 1977).   At least one district court in the Eleventh Circuit took an intermediate position holding that work product immunity extends when the subsequent litigation involves closely related issues. Cherry, Bekaert & Holland, et al., 131 F.R.D. at 605 (finding the work product doctrine extended to witness statements taken by an FDIC agent at the direction of FDIC counsel for the purpose of pursuing a claim against Aetna in an unrelated case because the Aetna claim involved "at least some of the same issues as the case at bar."); see also In re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994)(discussing the differing views applied by different circuits regarding the extension of the work product doctrine to subsequent litigation).   Here, even if the Court were to apply the intermediate approach, the work product immunity for the documents at issue clearly applies as this litigation involves issues that are extremely closely related to Plaintiff's underlying habeas proceeding, the proceeding for which Defendant admits the documents were prepared.

The primary case Defendant relies upon involves a civil defendant who was not a party to the criminal proceedings below. Doubleday v. Ruh, 149 F.R.D. 601, 605 (E.D. Cal. 1993).   There, the Court found that a county government could not assert work product

protection when the work product from the criminal case below was not prepared for the county but, instead, for the District Attorneys. Id. at 606. Further, the Court found that the District Attorneys could not assert work product protection because they were not parties to the present civil case. Id. Another line of cases have determined that a prosecutor's file is not protected by the work product doctrine in a subsequent civil case where neither the prosecutor nor his client is a party to the subsequent civil case. See e.g. Klein v. Jefferson Parish School Board, et al., 2003 WL 1873909, at *3 (E.D. La. April 10, 2003)(finding the work product doctrine inapplicable and discussing cases finding the immunity unavailable where a prosecutor objects to the discovery of her file in a subsequent civil case). Here, however, the party asserting the doctrine, Plaintiff, was a party to the criminal proceeding below. Accordingly, this line of cases does not apply here.

Having concluded that the work product doctrine applies, the Court must determine whether Defendant has shown a substantial need and undue hardship such that the documents should be ordered to be produced despite their work product nature. Toward this end, the Court has performed an *in camera* review of the documents at issue. The Court finds that Defendant has not shown a substantial need for the documents at issue. First, the documents reviewed do not support Defendant's theory that Plaintiff or Plaintiff's criminal counsel received the PCSO reports at issue prior to Plaintiff's original criminal trial. The majority of the documents are irrelevant to the issue. Moreover, of the documents that are relevant to the issue of Plaintiff's receipt of the reports, the documents have been produced to Defendant in redacted form. The portions redacted do not bear on this issue. Accordingly, the Court finds that Defendant has failed to make a showing of substantial need and undue hardship in order to warrant the production of the documents at issue.

7

**B.    Plaintiff Does Not Have to Disclose the Documents Withheld on the Basis of the Attorney-Client Privilege**

Defendant argues that, with respect to the documents over which Plaintiff has claimed an attorney-client privilege, "[t]o the extent such materials indicate either directly or indirectly when Plaintiff's defense counsel became aware of, or had access to, the two reports in question, those materials should be produced."   (Dkt. 29 at p.14).   Defendant further states that "should any of the withheld Fulgieri materials address this issue, Plaintiff has waived his claim of attorney-client privilege." (Dkt. 29 at p. 16).   Plaintiff responds that the documents withheld on grounds of attorney-client privilege do not address the heart of Plaintiff's claim directly or indirectly.

With respect to the four entries on the Fulgieri Privilege Log that reveal documents withheld solely on the basis of the attorney-client privilege, the Court has conducted an *in camera* review of the documents.   Documents bates stamped POR 0014720, 0014721-26, 14755, and 15050-52 do not in any way suggest that Plaintiff or anyone else received the police reports at issue prior to Plaintiff's original criminal trial.   Accordingly, the Court finds that Plaintiff has not waived his claim of attorney-client privilege with respect to these documents by his assertion in this lawsuit.

III.     **Conclusion**

Accordingly, it is **ORDERED** that Defendant Bob White's Motion to Compel Disclosure of Documents Withheld on the Basis of Work Product and Attorney-Client Privilege (Dkt. 29) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this _____ day of November, 2005.


_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record

9